John H. **MOORE, Jr., Appellant,**

v.

**STATE of Indiana, Appellee.**

**No. 1182S433.**

Supreme Court of Indiana.

Sept. 5, 1984.

Rehearing Denied Oct. 22, 1984.

Joseph M. Dietz, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellee.

DeBRULER, Justice.

This is a direct appeal from a conviction for robbery, a class A felony, Ind.Code § 35-42-5-1. The case was tried before a jury. Appellant was a sixteen-year-old juvenile who was tried as an adult. Appellant was sentenced to a term of twenty-two years.

The issue dealt with in this appeal is whether appellant's assertion of his right to counsel and the subsequent police-initiated interrogation in the absence of counsel rendered his confession and second taped statement inadmissible.

The facts pertinent to the appeal show that on January 16, 1982, Arthur Jordan was working part-time for Metro Taxicab Company. At 2:30 a.m. on January 17, 1982, he responded to a call to pick up a passenger at 1954 North LaSalle Street. Two men came out of the house and got into the cab. Mr. Jordan started driving toward the 2300 block of Winthrop. When Mr. Jordan arrived at the 2300 Block of Alvord Street, one of the passengers told him to stop the cab. Both men pulled knives on him, took two hundred dollars, kicked him out of the car and drove away.

An investigation of the incident commenced, and it was determined that appellant and Arthur Ausley were the two men that emerged from 1954 North LaSalle Street and entered the cab on the night in question. Appellant's parents were telephoned and were asked to bring their son down to the police station for questioning. On January 18, 1982, at about 5:30 p.m., appellant and his parents arrived at the police station.

After appellant had been processed through the juvenile branch Detective Trathen placed him and his parents in an interrogation room. Detective Trathen read appellant his rights, and before finishing the reading Trathen stopped and advised Moore he was under arrest for robbery. Detective Trathen then left the room for twenty minutes so that appellant could confer with his parents. Afterwards, Detective Trathen returned and finished reading the waiver of rights form. Appellant and his parents signed a police department waiver acknowledging that Detective Trathen had advised appellant of his right to stop questioning at any time if he decided to have an attorney.

Detective Trathen then attempted to take a recorded statement. He read appellant his rights again and asked him:

"Q. Knowing all your rights do you wish to give this statement at this time?

A. If you have a lawyer, can you call him?

Q. Do you want a lawyer now?

A. I already have one.

Q. Do you want a lawyer now?

A. Yes."

At this point Detective Trathen explained to appellant and his parents that once appellant expressed his rights to have an attorney, he could no longer question him in regard to the investigation. Detective Trathen stated:

"John, if you want to get this right, you're going to have to call me, because I can't come and see you. If you know this is serious business, and if you decide you want to talk to me, you're going to have to call."

Appellant then admitted:

"Man, I want to get this right, we did it; but I didn't stick the man; Arthur did."

Detective Trathen left the room to consult with his superiors to the propriety of taping a second statement. Appellant was not asked to sign a separate rights waiver before the commencement of the second taping statement because Detective Trathen believed that the first rights waiver was sufficient. Detective Trathen then took the second taped statement. In the statement the appellant was advised of his rights and he waived them in this manner:

"Q. Knowing all your rights, do you wish to give this statement at this time?

A. Yes."

Appellant then gave a detailed statement of his involvement in the crime.

■ The Fifth and Fourteenth Amendments to the United States Constitution secure to each citizen the right to the presence and advice of counsel during custodial interrogation by the police. *Miranda v. Arizona,* (1966) 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694. A confession of guilt procured from a subject during custodial interrogation is not admissible in a trial of criminal charges in the absence of proof beyond a reasonable doubt that counsel was present or the right thereto was voluntarily and knowingly relinquished prior to the commencement of the interrogation. *Pirtle v. State,* (1975) 263 Ind. 16, 323 N.E.2d 634; *Ortiz v. State,* (1976) 265 Ind. 549, 356 N.E.2d 1188. When the right of counsel is asserted during questioning that process must cease, and a confession procured by interrogators thereafter is per se inadmissible in the absence of a new waiver of counsel evidenced by proof that the suspect initiated the resumption of questioning. *Edwards v. Arizona,* (1981) 451 U.S. 477, 101 S.Ct. 1880, 68 L.Ed.2d 378.

■ In this case, appellant answered in unambiguous terms that he wanted an attorney present during questioning. Detective Trathen recognized that this was an assertion of the right to counsel and turned off the tape recorder. At this point the interrogation should have ceased. Instead Detective Trathen initiated further conversation with his statement that began with "if you want to get it right, you're going to have to call me". This is a declarative statement that seeks a response. In this context it is the equivalent of "do you want to get it right", and that is how the appellant interpreted it when he said, "Man, I want to get it right, we did it." The conversation initiated by Detective Trathen was a resumption of the interrogation in violation of *Edwards v. Arizona, supra,* and as a result the subsequent confession and taped statement are inadmissible.

The conviction is reversed and the case is remanded for a new trial.

GIVAN, C.J., and HUNTER, PRENTICE and PIVARNIK, JJ., concur.